**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4046**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ROBERT CRENSHAW,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Ellen L. Hollander, District Judge.  (1:18-cr-00069-ELH-1)

Submitted:  November 17, 2020                     Decided:  November 19, 2020

Before MOTZ and KEENAN, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Dismissed by unpublished per curiam opinion.

Stuart A. Berman, LERCH, EARLY & BREWER, CHTD., Bethesda, Maryland, for Appellant.  John Walter Sippel, Jr., Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Crenshaw pleaded guilty, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to carjacking, in violation of 18 U.S.C. § 2119(2). The district court sentenced Crenshaw to 204 months' imprisonment. Counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court correctly classified Crenshaw as a career offender. Crenshaw filed a supplemental pro se brief raising the same issue. The Government has moved to dismiss the appeal as untimely.

A criminal defendant must file his notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is a claims-processing rule, not a jurisdictional provision, *see United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017).

The district court entered judgment on August 9, 2019. Crenshaw filed his notice of appeal on January 7, 2020, at the earliest—several months after the expiration of the appeal period.[1] Because Crenshaw failed to file a timely notice of appeal or to obtain an

---

[1] Although Crenshaw asserts that counsel failed to file a notice of appeal after being directed to do so, claims of ineffective assistance of counsel that, like here, do not

2

extension of the appeal period, we grant the Government's motion and dismiss the appeal as untimely.[2] This court requires that counsel inform Crenshaw, in writing, of the right to petition the Supreme Court of the United States for further review. If Crenshaw requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Crenshaw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

"conclusively appear[] on the face of the record," *United States v. Faulls*, 8221 F.3d 502, 507. (4th Cir. 2016), "should be raised, if at all in a 28 U.S.C. § 2255 motion," *id*. at 508.

[2] Because we conclude the appeal is untimely, we need not consider whether this appeal is barred by the appellate waiver in Crenshaw's plea agreement.